UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DOUGLAS W. KAISER,<br><br>    Petitioner,<br><br>v.<br><br>DISTRICT OF DAKOTA COUNTY,<br><br>    Respondent. | Civil No. 06-4239 (RHK/SRN)<br><br><br>**REPORT AND RECOMMENDATION** |

Petitioner commenced this action by filing an application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed for lack of jurisdiction.

Petitioner filed his habeas corpus petition, along with an application to proceed in forma pauperis, ("IFP"), on October 19, 2006. The Court reviewed those initial submissions pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, and found that Petitioner did not appear to be confined by any governmental authority when he commenced this action. The Court was therefore concerned that Petitioner might not satisfy the jurisdictional "in custody" requirement, imposed by 28 U.S.C. § 2254(a). See Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam) ("[w]e have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed").

By order dated October 23, 2006, (Docket No. 3), Petitioner was directed to file a "a written memorandum showing cause why this action should not be summarily dismissed

for lack of jurisdiction because of Petitioner's failure to satisfy the 'in custody' requirement of 28 U.S.C. § 2254." Petitioner was expressly informed that if he did not file the required memorandum addressing the "in custody" issue by November 17, 2006, the Court would recommend that this action be summarily dismissed for lack of jurisdiction.

The deadline for complying with the Court's prior order expired more than a month ago, and Petitioner still has not filed a memorandum addressing the "in custody" requirement. Indeed, Petitioner has not communicated with the Court at all since he filed his petition more than two months ago. Therefore, it is now recommended, in accordance with the Court's prior order, that Petitioner be deemed to have abandoned this action, and that this action be summarily dismissed for lack of jurisdiction. See Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"). The Court will further recommend that Plaintiff's pending IFP application be summarily denied.

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. This action be DISMISSED FOR LACK OF JURISDICTION.

Dated: December 20, 2006

   s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 8, 2007**, a writing which

specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.